# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TYRONE HURT, V.I. CONSTITUTION, INTERNATIONAL CRIMINAL COURT, INTERNATIONAL PEACE COURT, and INTERNATIONAL COURT OF JUSTICE,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA and, THE COUNTRY OF ETHIOPIA, et al.,<br><br>　　　　　Defendants. | No. 4:20-CV-646-SRC |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of a complaint filed by self-represented plaintiff Tyrone Hurt. Plaintiff has neither paid the filing fee, nor filed a separate motion seeking *in forma pauperis* status. Instead, plaintiff included a section titled "Motion to Proceed in Forma Pauperis" within the body of the complaint. The Court will allow plaintiff to proceed *in forma pauperis*, and will dismiss this case.

### **Background**

Plaintiff currently resides in the District of Columbia. This action is one of eleven self-represented civil actions he has initiated *in forma pauperis* in this Court since January 21, 2020.[1]

---

[1] *See Hurt v. Bailey Realtor, Inc. LLC,* 4:20-cv-99-NAB (E.D. Mo. Jan. 21, 2020); *Hurt v. D.C. Board of Parole, et al.,* 4:20-cv-100-PLC (E.D. Mo. Jan. 21, 2020); *Hurt v. American College Dictionary, et al.*, 4:20-cv-101-RLW (E.D. Mo. Jan. 21, 2020); *Hurt v. U.S. Constitution, et al.*, 4:20-cv-525-RLW (E.D. Mo. Apr. 13, 2020); *Hurt v. U.S. Constitution, et al.*, 4:20-cv-527-SRC (E.D. Mo. Apr. 13, 2020); *Hurt v. USA, et al.*, 4:20-cv-645-AGF (E.D. Mo. May 11, 2020); *Hurt v. USA, et al.*, 4:20-cv-647-AGF (E.D. Mo. May 11, 2020); *Hurt v. United States of America, et al.*, 4:20-cv-648-SRC (E.D. Mo. May 8, 2020); *Hurt v. Motel 6, et al.*, 4:20-cv-649-PLC (E.D. Mo. May 11, 2020); and *Hurt v. American College Dictionary, et al.*, 4:20-cv-667-NCC (E.D. Mo. May 18, 2020).

Additionally, review of plaintiff's federal court filings indicate that he has filed numerous cases in district courts across the United States. *See Hurt v. Civil Rights Lawyer*, No. 3:17-cv-39-DJH (W.D. Ky. March 22, 2017) (noting that instant case was "not the first time Hurt has brought in this Court a disjointed complaint with no connection to this jurisdiction, and, in fact, Hurt has a pattern of doing so in courts across the country"); and *Hurt v. D.C. Board of Parole, et al.*, No. 1:13-cv-5365-LAP (S.D.N.Y. Oct. 11, 2013) (noting that plaintiff has "filed hundreds of lawsuits around the country that [have] been dismissed as frivolous"). Plaintiff's propensity for filing multiple, frivolous lawsuits has subjected him to pre-filing injunctions in numerous federal courts. *See Hurt v. Nat'l Museum of African-American History & Culture*, No. 5:17-cv-97-H (E.D.N.C. May 30, 2017) (collecting cases). He has been barred from proceeding *in forma pauperis* in the United States District Court for the District of Columbia, *Hurt v. United States*, No. 1:19-cv-2785-UNA (D.D.C. Oct. 8, 2019), and barred from proceeding *in forma pauperis* on appeal in the United States Court of Appeals for the District of Columbia Circuit. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 311 (D.C. Cir. 2008) (per curiam).

## The Complaint

Plaintiff brings this action along with the "V.I. Constitution," the International Criminal Court, the International Peace Court, and the International Court of Justice. Named as defendants are the United States of America and "the Country of Ethiopia, et al."

The complaint is almost entirely illegible. It appears plaintiff asserts that this Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1330-1332, and 42 U.S.C. § 1975. He appears to base his claim on the requirement that Ethiopians must adhere to the U.S. Constitution when living in the United States. Plaintiff does not provide any other facts or describe any events that occurred within this judicial district.

2

**Discussion**

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.  If venue is improper, the Court must either dismiss the action or, if it is in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

Plaintiff has alleged no basis upon which to conclude that venue lies in this Court.  Plaintiff resides in the District of Columbia and none of the defendants appear to reside in Missouri. Moreover, there is no indication that any events or omissions that could be understood to give rise to any claim occurred within this judicial district.  In sum, none of the requirements of § 1391 are present in this case, and venue is therefore improper.  Accordingly, this Court may either dismiss the action or, if it is in the interest of justice, transfer the case to the district in which it could have been brought.  Here, it is not in the interest of justice to transfer this case.  Therefore, the Court will dismiss it.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of proper venue. *See* 28 U.S.C. § 1406(a). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of May, 2020.

*SL R. CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE